**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIANGUO LI, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-70562 Agency No. A200-788-072 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2019**
Pasadena, California

Before: FARRIS, McKEOWN, and PARKER,*** Circuit Judges.

Petitioner Jianguo Li, a native of the Republic of China, petitions for review

of the Board of Immigration Appeals' ("BIA") decision affirming the denial of his

asylum and withholding of removal claims. The parties are familiar with the facts,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

so we do not repeat them here. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review the BIA's factual findings, including adverse credibility findings, under the substantial evidence standard. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). Factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir.2005).

The evidence in the record does not compel an affirmative credibility determination. The IJ permissibly relied on numerous omissions and inconsistencies between Li's declaration and his testimony in making the adverse credibility determination. Many of Li's inconsistencies go to the heart of his asylum claim. He contradicts himself multiple times about his wife's medical procedures. He fails to convincingly explain the timing of and motivation behind his asylum efforts. Inconsistencies that strike at the heart of one's claim go above and beyond the requirements for making an adverse credibility determination after the enactment of the REAL ID Act of 2005. In sum, substantial evidence supported the BIA's denial of Li's asylum application.

Li necessarily failed to establish eligibility for withholding of removal, which has a higher standard than asylum and, here, was based on the same claims and evidence.

**PETITION DENIED.**